# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

SHERIDAN WADE,                                §
                                              §
        *Plaintiff*,                          §
                                              §
v.                                            §          CIVIL ACTION H-06-3195
                                              §
BILL O. WOOD, ET AL,                          §
                                              §
        *Defendants*.                         §

## MEMORANDUM AND ORDER

Pending before the court is the plaintiff Sheridan Wade's motion to remand and for award of costs, expenses, attorney fees, and sanctions under 28 U.S.C. § 1447 and the court's inherent powers. Dkt. 11. Having reviewed the pleadings, the parties' evidence submitted both in writing and at oral hearing, and the applicable law, the court finds that Wade's motion should be GRANTED IN PART and DENIED IN PART.

### BACKGROUND

Wade filed suit in the 133rd District Court of Harris County, Texas seeking damages and a constructive trust for state law claims of common law fraud, breach of fiduciary duty, section 27.01 statutory fraud, breach of contract, and conversion in connection with an alleged oil deal. Dkt. 1, Ex. C-1. The defendants G.M. Oil Properties, and G.M. Oil Properties and Investments, Inc. removed the case to federal court with the consent of co-defendants Bill Wood and Gary Moores. Dkt. 1, Exs. A and B. There being no federal question, removal jurisdiction was predicated solely on diversity. The defendants claim that they are all citizens of Oklahoma. However, Wade's state court original petition and motion to remand both argue that the defendant Bill Wood is, in actuality, a resident of Texas, thereby destroying diversity. The parties agree that the single issue which

determines jurisdiction in this case is Wood's citizenship.  To that end, the court held an evidentiary

hearing on November 29, 2006 to determine whether Wood is a citizen of Oklahoma or Texas.

## ANALYSIS

Section 1441 allows a civil action to be removed to federal court as long as it could have

been brought in that forum originally.  28 U.S.C. § 1441(a).  Diversity jurisdiction exists if the

parties are completely diverse and the amount in controversy exceeds $75,000.00.  28 U.S.C. § 1332.

 However, a defendant who is a citizen of the forum state may not predicate removal on diversity.

28 U.S.C. § 1441(b).  The party seeking the federal forum bears the burden of demonstrating that

jurisdiction is proper.  *Allen v. R&H Oil & Gas*, 63 F.3d 1326, 1335 (5th Cir. 1995).  It is a "long-

standing canon of statutory interpretation that 'removal statutes are to be construed strictly against

removal and for remand.'" *Bosky v. Kroger Texas, LP*, 288 F3d. 208, 211 (5th Cir. 2002) (quoting

*Eastus v. Blue Bell Creameries, L.P.*, 97 F3d. 100, 106 (5th Cir. 1996)).  Therefore, the burden falls

to the defendants here to demonstrate that Wood is a citizen of the state of Oklahoma.

"For diversity purposes, citizenship means domicile; mere residence in the State is not

sufficient."  *Mas v. Perry*, 489 F.2d 1396, 1399 (5th Cir. 1974).  *See also Wolfe v. Hartford Life &*

*Annuity Ins. Co.*, 148 U.S. 389, 13 S.Ct. 602 (1893); *Stine v. Moore*, 213 F.2d 446, 448 (5th Cir.

1954).  "The definition of 'domicile' has not changed from that set forth more than a century ago by

the Supreme Court: '[a] residence at a particular place accompanied with positive or presumptive

proof of an intention to remain there for an unlimited time.'" *Freeman v. Northwest Acceptance*

*Corp.*, 754 F.2d 553, 555-56 (5th Cir.1985)(quoting *Mitchell v. United States,* 88 U.S. (21 Wall)

350, 352, 22 L.Ed. 584 (1875)).  "A change of domicile may be effected only by a combination of

two elements: (a) taking up residence in a different domicile with (b) the intention to remain there.

*Mas*, 489 F.2d at 1399 (citing *Mitchell*, 88 U.S. at 350.; *Sun Printing & Publishing Association v. Edwards*, 194 U.S. 377, 24 S.Ct. 696 (1904)).  However, "[t]here is no durational residency requirement in the establishment of domicile; once the presence in the new state and intent to remain there are met, the new domicile is instantaneously established." *Acridge v. Evangelical Lutheran Good Samaritan Soc.*, 334 F.3d 444, 448 (5th Cir. 2003).  "Domicile is [evaluated] in terms of objective facts."  *Freeman*, 754 F.2d at 555-56.   "The court should, when undertaking this examination, weigh all factors equally; no single factor is determinative." *Acridge*, 334 F.3d at 448 (citing *Coury v. Prot*, 85 F.3d 244, 251 (5th Cir. 1996)).  "Additionally, statements of intent, either to remain in a previous domicile or to establish a new one, are 'entitled to little weight' if they conflict with the objective facts.  *Id.*

Some of the factors considered by the Fifth Circuit in the past include the location of the places where the litigant: (1) exercises civil and political rights; (2) pays taxes; (3) owns real and personal property; (4) has driver's and other licenses; (5) belongs to clubs and churches; (6) has places of business or employment; and (7) maintains a home for his family. *Coury*, 85 F.3d at 251. Other circuits have also considered (1) location of brokerage and bank accounts; (2) membership in unions and fraternal organizations; and (3) automobile registration.  13 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE & PROCEDURE: JURISDICTION 2d. § 3612.  Additionally, certain rebuttable presumptions have arisen over the years.  "It is assumed, for example, that a person's current residence is also his domicile, [and] a married man is presumed to be domiciled where his wife and family live." *Id.*   Also, "[t]here is a presumption of continuing domicile that applies whenever a person relocates." *Acridge*, 334 F.3d at 448 (citing *Coury*, 85 F.3d at 250).  Although the party attempting to show a change of domicile bears the burden of proving

the change, the party invoking federal jurisdiction bears the ultimate burden of proof.  *Coury*, 85 F.3d at 250.  In this case, both burdens fall squarely on the defendants.

### A. Wood in Eufaula, Oklahoma

The defendants claim that Wood is a citizen of Oklahoma.[1]  They offered declarationss from Wood and people in the Eufaula, Oklahoma community listing a number of factors they allege prove Wood is domiciled there.  In his first declaration, Wood argues that he has lived and worked in Oklahoma since September of 2005.[2]  He cites his bank account in Eufaula, and a charge account at a local flower shop.  Wood volunteers at the local football games and teaches golf lessons to local kids.  He attends the local Baptist church and has made donations to local judicial political campaigns.  In his second declaration, he adds that he works full time in Eufaula.  Because of his job in Eufaula, it became apparent that he would have to relocate there.  His wife has made several trips to Eufaula, and he alleges that they have been "working with" a real estate agent in Abilene "in connection with selling the house in Abilene."  Dkt. 21, Ex. A.  Additionally, he has "worked with" a real estate agent in Eufaula concerning buying a house or building a house in the vicinity.  He hunts, fishes, and keeps a boat and his dog, Maggie, in Eufaula.  Wood attaches his G.M. Oil paycheck stubs to show that he pays Oklahoma state taxes.

Wood also offers the declarations of five Eufaula citizens with whom he plays "pitch," a dominoes game, most Tuesday nights, plays golf some Wednesdays, and eats or boats on weekends.

---

[1]  Both parties offered a significant amount of evidence.  In the interests of expediency, the court is limiting its recital to only a portion of the evidence offered.  Any evidence not recited here did not influence the decision to remand.

[2]  Wood also shows evidence that he has made some improvements on his rented trailer home in Eufaula.  However, those improvements were made after the filing of the case, and therefore will not be considered in determining citizenship.

Additionally, Wood presents the declarations of the real estate agent in Eufaula, home builder in Eufaula, and real estate agent in Abilene, Texas, all of whom are "working with" Wood on selling his Abilene house or procuring a Eufaula house.  Lastly, he offers the declaration of his Eufaula landlord, Bob McKinney.  Mr. McKinney states that he sees Wood daily, and they enjoy a cordial relationship, relaxing on the porch to watch sports and have a drink.

### B. Wood in Abilene, Texas.

Wade responds that although Wood is clearly present in Eufaula, he lacks the requisite intent to make it his domicile.  In support of this position, Wade offers a significant number of objective items to show Wood's Texas citizenship.  Wade offers objective evidence to show *inter alia* that Wood takes advantage of the Texas homestead tax exemption, he has four automobiles registered in Texas, he owns real and personal property in Texas, his family's home is in Texas, his wife and children are in Texas, his driver's license is issued by Texas, he is a registered agent for three Texas businesses, he is registered to vote in Texas, and he has conducted correspondence using his Abilene address.  Additionally, Wade disagrees with the characterization of some of the evidence offered by Wood.  She argues that the fact that Wood pays Oklahoma taxes is irrelevant.  Under Oklahoma law, any nonresident who earns a gross income of $1,000.00 or more annually must pay taxes on their income.  OKLA. STAT. tit. 68, § 2368.  She also argues that although Wood claims to be "working with" real estate agents, he has neither listed his Abilene home for sale, nor made any bids to buy any Oklahoma property.  Additionally, she stresses that many of the statements in the declarationss of the Eufaula "pitch" players are mere guesswork, in that they describe their "understanding" of Wood's employment status.  *See* Dkt. 21, Ex. 4, ¶ 4.  Furthermore, their descriptions of seeing Wood around and playing dominoes goes to show that he is present in Eufaula, not that he is domiciled

there.  Most notably, Wade points out that several important declarations have not been offered into evidence.  There is no declaration from Wood's wife regarding their intention to move, listing the house, or looking for Oklahoma property.  There is no statement in the Abilene real estate agent's declaration to the effect that the Abilene house is listed for sale or is being shown to prospective buyers.  Dkt. 21, Ex. 10.  Although, the Eufaula home builder says he has talked on the phone with Wood, he does not say that Wood has made a deposit or, in fact, has any firm plans.  And, although Wood claims that three of the four cars registered in his name in Texas belong to his wife and adult children, he has offered no declaration from any of them to this effect.  Wood's driver's license is issued by the state of Texas and lists his Abilene address.  By law, if he had moved to Eufaula, he must submit a change of address.[3]    Additionally, Wood is the registered agent for three Texas businesses, for which he must be a Texas citizen according to Texas law.  *See* TEX. BUS. ORG. CODE § 5.204 (2006).  Therefore, Wade argues that since Wood has consistently availed himself of the benefits of the laws of Texas, like the homestead exemption, he should not now be able to avoid Texas courts.  Finally, Wade argues that despite the declarations offered by Wood, he has not established any permanent ties to Oklahoma that elevate his presence there from temporary work status to permanent domicile.

### C. Wood in Transition.

Wood responds that all of the factors argued by Wade are merely the lingering effects of having lived in a place before.  He claims that he has not changed his car registration or driver's

---

[3]  Texas law requires that licensed drivers notify the Department of Transportation of the driver's new address on or before the 30th day after the change in address.  TEX. TRANSP. CODE ANN. § 521.054 (Vernon 2006).

6

license because neither has expired yet, so he has not felt any urgency to change them.[4]   Further, he explains that the registered agent position is still in his name because he does not know how to change it.  And lastly, he argues that his wife is allowed to claim the homestead exemption on her own as long as she lives there.  Only his own sworn statement and in some cases the unsworn statement of G.M.'s attorney support these explanations.  Wood did not appear at the oral hearing in this case.

### D. Wood's Citizenship in this Case.

Although Wood has offered many statements tending to bolster his statements that he intends to move himself and his family to Eufaula, he has not offered sufficient evidence of Oklahoma citizenship to escape the jurisdiction of the Texas courts.  Wood has offered a significant amount of evidence to show he intended Oklahoma to be his domicile.  But, several factors tip the scales in favor of Texas citizenship.  First, where Wood's statements conflict with the objective evidence offered by Wade, the court must attach little weight to Wood's statements.  *Acridge*, 334 F.3d at 448. The majority of the evidence offered by Wood consisted of his own declarations.  Second, the court notes that Wood has consistently taken advantage of benefits available to Texas citizens.  Therefore, in all fairness, he should accept the responsibilities that accompany those benefits.  Third, the absence of any declarations from Wood's family regarding the sale of the Abilene home and the registration of the cars was notable.  And lastly, the policy reasons underlying diversity jurisdiction are not implicated in this case.  Generally, "[d]iversity jurisdiction permits a nonresident to seek a

---

[4]   Notably, Wood renewed the Texas registration on all of his cars after the date he claims to have moved to Eufaula.  In December of 2005, he renewed the Texas registrations on the Chevy truck he took with him to Oklahoma and a BMW still in Abilene.  In March of 2006, he renewed the Texas registration on his Lexus.  And, as late as July of 2006, he renewed the Texas registration on his Porsche.  *See* Dkt. 11, Exs. H-K.

federal forum to avoid the partisanship that state courts might show for their own citizens." *Brown v. Flowers Industries, Inc.*, 688 F.2d 328, 330 n. 1 (5th Cir. 1982).  However, here Wood's ties to Texas are long-standing and strong.  No state partisanship would come into play in the Texas courts against Wood.  In the final analysis, although the evidence for both sides is strong, Wood has not met his burden to show diverse citizenship allowing him to invoke the federal forum.  For the purposes of this inquiry, Wood is a citizen of Texas and may be haled into a Texas court.

### CONCLUSION

In light of Congress's clear instructions to interpret the removal statute narrowly, *see Bosky*, 288 F.3d at 211, and the evidence submitted by the parties, the court finds that Wood is a citizen of Texas.  Therefore, the court lacks jurisdiction to hear this case.  Accordingly, Wade's motion to remand is GRANTED.  However, because the evidence presented by both sides was extensive and the answer by no means obvious, Wade's motions for sanctions and costs are DENIED.  All other outstanding motions are DENIED AS MOOT.

It is so ORDERED.

Signed at Houston, Texas on December 5, 2006.

_____
Gray H. Miller
United States District Judge